IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FILED

2014 JUN -4  A 10: 05

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| DOMINGO CASTILLO-GOMEZ,<br>　　9021 Centreville Rd. Apt. 32,<br>　　Manassas, VA 20110,<br><br>　　　　　**PLAINTIFF,**<br>　　v.<br><br>CONVENIENCE CAR CARE CENTER, INC.,<br>　　9145 Centreville Rd.,<br>　　Manassas, VA 20110,<br>　　　　Serve Registered Agent:<br>　　　　　　Claire E. Keena, Esq.,<br>　　　　　　Nichols Zauzig Sandler PC,<br>　　　　　　12660 Lake Ridge Dr.,<br>　　　　　　Lake Ridge, VA 22192,<br><br>　　and<br><br>TIMOTHY J. TYRRELL,<br>　　9106 Grant Ave.,<br>　　Manassas, VA 20110,<br><br>　　and<br><br>WILLIAM D. TYRRELL, SR.,<br>　　6226 Cobblers Green Ct.,<br>　　Gainesville, VA 20155,<br><br>　　　　　**DEFENDANTS.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Civil Action No. _1:14CV651_<br>　　　　　　JCC/TCB |

## COMPLAINT

COMES NOW Domingo Castillo-Gomez ("Plaintiff"), by counsel, and brings this

Complaint against Convenience Car Care Center Inc., ("Defendant Car Care"), Timothy J.

Tyrrell ("Defendant Timothy"), and William D. Tyrrell, Sr., ("Defendant William")

(collectively, "Defendants"), on the following grounds:

## NATURE OF ACTION

1.      This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for Defendants' failure to pay wages and overtime compensation for hours worked by Plaintiff.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1337 because this action arises under the FLSA.

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants reside and a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

4.      Plaintiff Domingo Castillo-Gomez is a natural person residing at 9021 Centreville Road, Apartment 32, Manassas, Virginia.  He was Defendants' employee from 2009 through March 2014.  He has not been paid overtime wages since 2010.

5.      Defendant Car Care is a corporation registered in the Commonwealth of Virginia, with its principal place of business in Manassas, Virginia.  The company operates as a used car sales and automobile repair business at which Plaintiff was employed as a detailer.  Defendant Car Care has regularly conducted business activity in Prince William County, Virginia.

6.      Defendant Timothy J. Tyrrell is a natural person who owns, operates, and manages Defendant Car Care, and resides at 9106 Grant Avenue, Manassas, Virginia.

7.      Defendant William D. Tyrrell, Sr., is a natural person who owns, operates, and manages Defendant Car Care and resides at 6226 Cobblers Green Court, Gainesville, Virginia.

## FACTS

8.     At all times alleged herein, Plaintiff has never been indebted to Defendants.

9.     At all times alleged herein, Defendant Car Care was an enterprise engaged in interstate commerce, or in the production of goods for interstate commerce, whose annual gross volume of sales or business done was not less than $500,000.

10.     At all times alleged herein, all Defendants were an enterprise engaged in interstate commerce, or the production of goods for interstate commerce.

11.     Defendants engaged in interstate commerce by:

     a.     Corresponding with individuals in other states via telephone;

     b.     Sending and receiving mail to and from individuals in other states;

     c.     Transacting business in interstate commerce; and

     d.     Employing goods manufactured and distributed in other states.

12.     Defendants Timothy and William owned and had operational control of Defendant Car Care, including the work performed, environment, and conditions of employment, and managerial decisions such as hiring, firing, compensating, supervising, creating schedules, maintaining time and other employment records, determining the rate and method of compensation and contracting to provide services on behalf of Defendant Car Care.

13.     Defendants Timothy and William sign checks on behalf of Defendant Car Care, including paychecks issued to Plaintiffs.

14.     For the purposes of the FLSA, Defendants jointly employed Plaintiffs and Defendants Timothy and William were acting directly in the interest of Defendant Car Care.

15.     In 2009, Defendants hired Plaintiff as an automobile detailer and represented that he would be paid an hourly wage of $15.00.

16.     Defendants further represented to Plaintiff that he would be given forty (40) hours of paid vacation each calendar year.  Plaintiff did not receive the promised vacation hours in any year of his employment with Defendants.

17.     Defendants terminated Plaintiff as an employee on or about March 15, 2014.

18.     Plaintiff performed his duties in accordance with Defendants' requirements throughout his time as Defendants' employee.

19.     From 2009 through March 2014, Plaintiff frequently worked more than 40 hours a week.  Plaintiff regularly recorded his hours worked by clocking in and out at Defendants' place of business.

20.     Plaintiff was paid every two weeks, and his weekly hours were reported on his paycheck stubs.

21.     Throughout the duration of Plaintiff's employment as a detailer, Defendants required Plaintiff to work approximately forty (40) hours per work week, plus an average of four (4) hours of overtime per work week.

22.     Although Defendants represented to Plaintiff that he would be paid one and one-half times his hourly pay for every hour worked over forty, Defendants only paid Plaintiff his regular wage for any overtime hours.

23.     Throughout Plaintiff's employment with Defendants, he made repeated requests to each Defendant for his proper overtime pay, but was never properly paid for his overtime hours.

24.     Defendants knew that Plaintiff worked overtime throughout his tenure at their establishment but did not pay Plaintiff one and one-half times his purported rate of pay for any overtime hours worked.

4

25.     Defendants have willfully violated the FLSA by failing to pay Plaintiff his proper wage for overtime.  Based on partial time records, the unpaid overtime hours for this period are approximated in Exhibit A, attached.

26.     Upon information and belief, Defendant failed to inform Plaintiff of his rights under the FLSA and post a notice informing employees of those rights, as required by the Department of Labor.

27.     Plaintiff has suffered emotionally and financially by being unable to pay monthly bills and being forced to deal with the stress of not being paid as required by law.

## CLAIMS FOR RELIEF

### COUNT I
### *Violation of the Fair Labor Standards Act*
### *Overtime Compensation Requirements*

28.     The preceding paragraphs are re-alleged herein.

29.     Defendants failed to pay Plaintiff one and one-half his hourly wage for at least 1,490 hours that Defendants required, suffered, or permitted Plaintiff to work.

30.     Defendants had actual or constructive knowledge of the hours Plaintiff worked and their failure to compensate him therefor.

31.     Defendants are in continuous violation of the FLSA by failing to compensate Plaintiff for the hours worked.

32.     For the foregoing reasons, Plaintiff has suffered substantial emotional and financial damages.  Plaintiff is entitled to unpaid wages for at least 1,490 hours worked and additional equal amount as liquidated damages, attorneys' fees, and expenses and costs.

33.     Plaintiff is due an amount of $15,000 for unpaid wages in addition to other actual damages arising from Defendants' failure to pay Plaintiff.

34.   Plaintiff is due an amount of $15,000 for liquidated damages.

35.   Plaintiff is due a combined amount, including unpaid wages and liquidated damages, of $30,000.

36.   Plaintiff is due attorneys' fees.

WHEREFORE, Plaintiff requests this Court issue judgment against Defendants jointly and severally and award Plaintiff unpaid wages, liquidated damages, attorneys' fees, costs and such other relief this Court deems just and proper, all amounts to be determined at trial.

## COUNT II
### Violation of the Fair Labor Standards Act
### Minimum Wage Compensation Requirements

37.   The preceding paragraphs are re-alleged herein.

38.   Defendants failed to pay Plaintiff minimum wage for at least 1,490 hours that Defendants required or allowed Plaintiff to work.

39.   Defendants had actual or constructive knowledge of the hours Plaintiff worked and their failure to compensate him therefor.

40.   Defendants are in continuous violation of the FLSA by failing to compensate Plaintiff for the hours worked.

41.   For the foregoing reasons, Plaintiff has suffered substantial emotional and financial damages.  Plaintiff is entitled to unpaid minimum wage for at least 1,490 hours worked and additional equal amount as liquidated damages, attorneys' fees and expenses and costs.

42.   Plaintiff is due an amount of $15,000.00 for unpaid wages in addition to other actual damages arising from Defendants' failure to pay Plaintiff.

43.   Plaintiff is due an amount of $15,000.00 for liquidated damages.

44.    Plaintiff Rodriguez is due a combined amount, including unpaid wages and liquidated damages, of $30,000.00.

45.    Plaintiff is due attorneys' fees.

46.    WHEREFORE, Plaintiff requests this Court issue judgment against Defendants jointly and severally and award Plaintiff unpaid wages, liquidated damages, attorneys' fees, costs and such other relief this Court deems just and proper, all amounts to be determined at trial.

## COUNT III
### *Violation of the Virginia Minimum Wage Act*
### *Minimum Wage Requirements*

47.    The preceding paragraphs are re-alleged herein.

48.    Defendants failed to pay Plaintiff minimum wage for at least 1,490 hours that Defendants required or allowed Plaintiff to work, as required by the Virginia Minimum Wage Act, Va. Code Ann. § 40.1-28.10.

49.    Defendants had actual or constructive knowledge of the hours Plaintiff worked and their failure to compensate him therefor.

50.    Defendants are in continuous violation of the Virginia Minimum Wage Act by failing to compensate Plaintiff for the hours worked.

51.    For the foregoing reasons, Plaintiff has suffered substantial emotional and financial damages.  Plaintiff is entitled to unpaid minimum wage for at least 1,490 hours worked, attorneys' fees, and expenses and costs.

52.    Plaintiff is due an amount of $15,000.00 for unpaid wages in addition to other actual damages arising from Defendants' failure to pay Plaintiff.

53.    Plaintiff is due attorneys' fees.

WHEREFORE, Plaintiff requests this Court issue judgment against Defendants jointly and severally and award Plaintiff unpaid wages, attorneys' fees, costs and such other relief this Court deems just and proper, all amounts to be determined at trial.

## COUNT IV
### *Breach of Contract*

54.     The preceding paragraphs are re-alleged herein.

55.     Defendants orally promised to pay to Plaintiff one and one-half times his regular rate of pay for every hour over 40 that he worked in a week.

56.     Plaintiff regularly worked over 40 hours a week in order to receive extra pay.

57.     Defendants breached their oral promise when they failed to pay to Plaintiff as they promised for every hour over 40 that he worked in a week.

58.     Defendants also promised to pay to Plaintiff an amount equivalent to 40 regular work-hours per year for Plaintiff's time off.

59.     Plaintiff continued to provide labor to Defendants in order to receive his promised vacation hours.

60.     Defendants breached their oral promise when they failed to pay to Plaintiff his vacation hours as they promised.

61.     Plaintiff is due an amount of $30,000.00 for unpaid wages and vacation time, in addition to other actual damages arising from Defendants' failure to pay Plaintiff.

WHEREFORE, Plaintiff requests this Court issue judgment against Defendants jointly and severally and award Plaintiff unpaid wages, attorneys' fees, costs and such other relief this Court deems just and proper, all amounts to be determined at trial.

## JURY DEMAND

Plaintiff demands a jury on all issues so triable.

8

Dated:  May 6, 2014

Respectfully submitted,
DOMINGO CASTILLO-GOMEZ
By counsel

FIRSTPOINT LAW GROUP, P.C.

Katherine Martell, VSB 77027
Meredith Ralls, VSB 82548
10615 Judicial Drive, Suite 101
Fairfax, Virginia 22030
Phone: (703) 385-6868
Fax:    (703) 385-7009
kmartell@firstpointlaw.com
mralls@firstpointlaw.com
*Counsel for Plaintiff*

9