IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| DOMINGO CASTILLO-GOMEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14cv651 (JCC/TCB) |
| | ) | |
| CONVENIENCE CAR CARE CENTER, | ) | |
| INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## M E M O R A N D U M   O P I N I O N

Plaintiff Domingo Castillo-Gomez ("Plaintiff") has filed this action against his former employer Convenience Car Care Center, Inc. and its owners (collectively "Defendants"), alleging they failed to pay him wages and overtime compensation as required under their contract and the Fair Labor Standards Act.  (Compl. [Dkt. 1] at 1.)  Presently before the Court is Defendants' Motion to Dismiss and supporting memorandum.  (Mot. to Dismiss [Dkt. 7]; Defs.' Mem. [Dkt. 8].)  For the reasons set forth below, the Court will deny Defendants' motion.

### I. Background

The alleged facts in this case are straightforward. In 2009, Defendants hired Plaintiff as an automobile detailer and orally represented that he would be paid an hourly wage of $15.00 along with overtime at one and one-half times this rate.

(Compl. at 3-4.)  Defendants further promised that Plaintiff would receive forty hours of paid vacation per annum.  (*Id.* at 4.)  Defendants dismissed Plaintiff as an employee in March 2014, purportedly without ever paying him overtime or providing the promised vacation time.  (*Id.* at 2, 4.)

On June 4, 2014, Plaintiff filed this action alleging Defendants violated the Fair Labor Standards Act (Counts I and II), the Virginia Minimum Wage Act (Count III), and were in breach of contract (Count IV).  (Compl. at 5-8.)  Defendants have moved to dismiss Count IV, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim.  (Mot. to Dismiss at 1.)  Defendants maintain that "Count IV fails to pass muster under the *Twombly* standard as the Complaint fails to contain any allegations as to what the substance of the supposed contract was between the Plaintiff and Defendants."  (Defs.' Mem. at 3.)  Additionally, Defendants argue that Plaintiff has not set forth the elements of a viable breach of contract claim under Virginia law.  (*Id.*)  Plaintiff opposes Defendants' motion.  (Pl.'s Opp'n [Dkt. 10] at 2-3.)

Having been fully briefed, Defendants' Motion to Dismiss is now before the Court.[1]

---

[1] The parties have not briefed the Court on choice of law and they appear to agree that Virginia law applies.  Accordingly, the Court will apply Virginia law for purposes of Defendants' motion.

## II. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the
sufficiency of a complaint[.]" *Republican Party of N.C. v.
Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted).
The Supreme Court has stated that in order "[t]o survive a
motion to dismiss, a [c]omplaint must contain sufficient factual
matter, accepted as true, to 'state a claim to relief that is
plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678
(2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570
(2007)).  "A claim has facial plausibility when the pleaded
factual content allows the court to draw the reasonable
inference that the defendant is liable for the misconduct
alleged."  *Id.*  The issue in resolving such a motion is not
whether the non-movant will ultimately prevail, but whether the
non-movant is entitled to offer evidence to support his or her
claims.

"Determining whether a complaint states a plausible
claim for relief [is] . . . a context-specific task that
requires the reviewing court to draw on its judicial experience
and common sense."  *Iqbal,* 556 U.S. at 679 (citations omitted).
While legal conclusions can provide the framework for a
complaint, all claims must be supported by factual allegations.
*Id.*  Based upon these allegations, the court must determine
whether the plaintiff's pleadings plausibly give rise to an

entitlement to relief.  *Id.*  Legal conclusions couched as factual allegations are not sufficient, *Twombly,* 550 U.S. at 555, nor are "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000).  Moreover, the plaintiff does not have to show a likelihood of success; rather, the complaint must merely allege – directly or indirectly – each element of a "viable legal theory."  *Twombly,* 550 U.S. at 562-63.

In addition, at the motion to dismiss stage, this Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true.  *Iqbal,* 556 U.S. at 678.

### III. Analysis

As noted, the only count at issue is Plaintiff's breach of oral contract claim.  "Under Virginia law, 'the essential elements of a cause of action for breach of contract are: (1) a legal obligation of a defendant to the plaintiff, (2) a violation or breach of that right or duty, and (3) a consequential injury or damage to the plaintiff.'"  *Albanese v. WCI Communities, Inc.,* 530 F. Supp. 2d 752, 760 (E.D. Va. 2007) (quoting *Westminster Investing Corp. v. Lamps Unlimited, Inc.,* 237 Va. 543, 546 (1989)).  Virginia law recognizes oral contracts provided the terms are "reasonably certain, definite and complete to enable the parties and the courts to give the

4

agreement exact meaning." *Lamers v. Orga. Strategies, Inc.,* No. 1:08cv101, 2008 WL 779516, at *3 (E.D. Va. Mar. 24, 2008) (citation and internal quotation marks omitted).

Although the Court has doubts about the validity of Plaintiff's claim, especially in light of Virginia's statute of frauds, *see* Va. Code Ann. § 11-2, at this stage the Court is solely concerned with the sufficiency of Plaintiff's pleadings as that is all Defendants are contesting. *See, T.W. v. Hanover Cnty. Public Sch.,* 900 F. Supp. 2d 659, 663 (E.D. Va. 2012) ("[T]he Court may not act as the litigant's advocate and construct legal arguments that [they have] not made." (citations omitted)); *Ware v. James City Cnty., Va.,* 652 F. Supp. 2d 693, 706 n.16 (E.D. Va. 2009) (declining to consider argument that defendant did not include in its brief); *Touchcom, Inc. v. Bereskin & Parr,* 790 F. Supp. 2d 435, 446 (E.D. Va. 2011) (indicating that courts typically will not consider an argument omitted from the moving litigant's brief as the "opposing party is prejudiced in its ability to respond" (citation omitted)). In his Complaint, Plaintiff asserts that Defendants promised to pay him $15.00 per hour plus overtime at one and one-half times this rate in exchange for his labor. (Compl. at 4-5, 8.) Plaintiff further asserts that Defendants failed to pay him as promised despite his performance under the contract. (*Id.* at 4.)  Finally, Plaintiff claims that he suffered damages in the

amount of $30,000 for unpaid wages and vacation time. (*Id.* at 8.)  At this point in the proceedings, these allegations are sufficient to state a claim for breach of contract under Virginia law.  *See Hill v. Alstom Power, Inc.,* No. 3:13-cv-00496–JAG, 2013 WL 6408416, at *2 (E.D. Va. Dec. 6, 2013) (finding plaintiff's breach of oral contract claim sufficiently pled on similar allegations); *see also Old Republic Ins. Co. v. Spring Menders, Inc.,* No. 2:11cv69, 2011 WL 2838179, at *6 (E.D. Va. July 14, 2011).

Defendants' argument that Plaintiff's claim must fail because he has not alleged the "substance" of their purported oral agreement is unpersuasive. (Defs.' Mem. at 3.)  A plaintiff need not plead all the specific details underlying an alleged breach of contract to state a claim.  Although Plaintiff's allegations regarding the particulars of the alleged contract could certainly be more precise, Plaintiff has identified the material terms of the agreement that Defendants purportedly breached.  At the pleadings stage, no more is required.  *See Dodge v. CDW Gov't, Inc.,* No. 1:09cv528 (AJT/IDD), 2009 WL 1605010, at *4 (E.D. Va. June 5, 2009) ("[T]he allegation that a contract existed is sufficient to allege the existence of the contract.  An otherwise valid claim does not fail simply because Plaintiff did not attach a document to its complaint." (citation omitted)); *Comfort Inn Oceanside v.*

6

*Hertz Corp.,* No. 11–CV–1534, 2011 WL 5238658, at *6 (E.D.N.Y. Nov. 1, 2011) ("While the amended complaint is devoid of specifics, . . . those specifics are not required in pleading a breach of contract action[.]"); *see also Hill*, 2013 WL 6408416, at *2.

### IV. Conclusion

In sum, Plaintiff's Complaint is sufficient to state a claim under the Federal Rules of Civil Procedure and *Twombly*. Plaintiff's Complaint therefore is adequate to allow Defendants to respond.  Accordingly, the Court will deny Defendants' Motion to Dismiss.  An appropriate order will follow.

| | |
|---|---|
| | /s/ |
| July 17, 2014 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |